## RYAN v. SEABOARD & R. R. CO. et al.

(Circuit Court, E. D. Virginia. September 26, 1898.)

INJUNCTION—TEMPORARY RESTRAINING ORDER.

A restraining order, in anticipation of a hearing of a motion for an injunction, should not be granted except upon the moral certainty of an irreparable injury if it be refused, nor should it be continued when it is made to appear that such a result is not imminent.

On Application for Continuance of Restraining Order.

Elihu Root, Wm. L. Marbury, D. L. Groner, and Stiles & Holladay, for complainant.

Fisher, Bruce & Fisher and Watts & Hatton, for defendants.

SIMONTON, Circuit Judge. This case has been heard after an exhaustive argument, and needs no further discussion. The original bill was filed in order to establish rights claimed by the complainant in certain shares of stock (153 shares) in the Seaboard & Roanoke Railroad Company, purchased by him from one of the signers of the pooling agreement, and charged to have been illegally surrendered, canceled, and transferred to Louis McLane, one of the pooling committee. To give complainant all the rights of his purchase, it is necessary to set aside the pooling agreement, which he charged was in itself invalid, and which he also charged' was being used in perpetuating the control of the present administration. This control, it was alleged, was abused, to the great detriment of the stockholders, by the president, who made large profits illegally through a firm of which he was a member, and it sustained in power other officials, who made it serve their own selfish ends. The charges of malpractice and fraud made in the bill were so grave, and the immediate necessity for a change in administration so urgent, that, in addition to the rule to show cause, a restraining order was issued upon the presentation and hearing ex parte the sworn statements of the bill. Besides this, the malpractice charged against the president and the other officials was of such a character that the details and evidence of it are known only to those engaged or concerned in it, discoverable only after an inspection of the books of the corporation. A master was therefore appointed, before whom such an investigation could be had. It being apparent that the scope and validity of the pooling agreement was of the very essence of the case, it was evident that the persons who signed this pooling agreement and covenanted inter sese should be parties to this suit. A demurrer to this effect was sustained. Thereupon the complainant has filed his amended bill, in which, after stating the impossibility of ascertaining the names of all the persons who signed the agreement, he made certain of the signers, citizens of the state of Maryland, parties defendant, as representatives as well of their own interests as of that of the other signers in like plight with themselves; and now he asks a continuance of the restraining order heretofore made, and prosecution of the proceedings before the special master heretofore ordered. To this amended bill the defendants R. C. Hoffman and L. R. Watts interpose by plea setting forth the names of other signers of the pooling agreement, who they aver are necessary parties, and who are citizens of the state of New York, of which state complainant is also a citizen. Thereupon they challenge the jurisdiction of this court.

A press of engagements and absence from my library prevent a decision of these grave questions after the consideration which they demand. They are reserved for the present, and will be disposed of in a supplemental decree.

But the pressing present necessity is whether the restraining order heretofore of force be continued. Under this restraining order, no vote can be cast representing stock in the pool, except by the stockholder present in person; the provisions of the agreement authorizing the vote by the committee, in the absence of the stockholder, to the contrary notwithstanding. Under the same restraining order, certain shares, alleged to have been purchased from several stockholders by the Raleigh & Gaston Railroad Company, the names of which stockholders appear in the order, cannot be voted either by the member of the committee in the pool or by any other person. When this restraining order was granted the emergency was pressing. An annual meeting of the corporation was very near at hand, at which the officials, including the board of directors, was to be chosen. If not restrained from voting upon the stock controlled by the pool organized for an illegal and corrupt purpose, and on the shares charged to have been fraudulently purchased by the Raleigh & Gaston Railroad Company, the administration, charged with so many and such gross abuses of power, would certainly retain control. This emergency no longer exists. That meeting has been held, and has done its work, notwithstanding the existence of the restraining order. The old administration was retained. Another annual meeting is approaching, it is true. But it was admitted at the bar that, even if the restraining order remain of force, the only possible result would be a failure to elect, and the consequent holding over of the present administration. A restraining order in anticipation of the hearing on a motion for an injunction is a serious exercise of power. It should not be granted except upon the moral certainty of an irreparable injury, if it be refused. It should not be continued when it be made to appear that such a result is not imminent. This condition of things does not now exist here. For this reason the original order will be modified.

The inspection of the books and papers will also be suspended. The case turns upon the invalidity of the pooling agreement. If that agreement be valid, the complainant in this action, under these pleadings, has no standing in court. As at present advised, I am not prepared to say that the pooling agreement is or is not invalid.

With regard to the stock which it is said was purchased by the Raleigh & Gaston Railroad Company: For the purposes of this suit, and so far as all the parties to this suit are concerned, the sale of this stock has been so far accomplished that the vendors have parted with their interest in it. This is alleged in the bill, and pro hac admitted by the demurrer. Of course, the admission binds only the parties demurring. It is their admission for the purposes of the case. The restraining order, therefore, binds all parties to this cause. None of them can vote this stock. But it can bind no one else. It was contended that the vendors of this stock were necessary parties. This was denied by the complainant, and his position has been sustained. Whatever rights they may have, if any, the vendors are not within the scope of the restraining order.